```
                    UNITED STATES DISTRICT COURT

                    EASTERN DISTRICT OF LOUISIANA


UNITED STATES OF AMERICA      *       14-CR-151
                              *
versus                        *       Section R
                              *
ORONDE GABRIEL                *       November 18, 2015
                              *
* * * * * * * * * * * * * * * *


                        SENTENCING BEFORE
                 THE HONORABLE SARAH S. VANCE
                 UNITED STATES DISTRICT JUDGE
```

Appearances:

| | |
|---|---|
| For the United States: | U.S. Attorney's Office<br>BY:  EDWARD J. RIVERA, ESQ.<br>650 Poydras Street, Suite 1600<br>New Orleans, Louisiana 70130 |
| For Gabriel Oronde: | Law Office of John H. Musser IV<br>BY:  JOHN H. MUSSER IV, ESQ.<br>70439 Courtano Drive<br>Covington, Louisiana 70433 |
| Official Court Reporter: | Toni Doyle Tusa, CCR, FCRR<br>500 Poydras Street, B-275<br>New Orleans, Louisiana 70130<br>(504) 589-7778 |

Proceedings recorded by mechanical stenography using computer-aided transcription software.

```
 1                         PROCEEDINGS
 2                      (November 18, 2015)
 3           THE DEPUTY CLERK:  Criminal 14-151, U.S.A. v. Oronde
 4   Gabriel.
 5              Mr. Gabriel, please step up to the podium.
 6              Counsel, please make your appearances for the
 7   record.
 8           MR. RIVERA:  Good morning, Your Honor.  Ed Rivera on
 9   behalf of the United States.
10           THE COURT:  Good morning.
11           MR. MUSSER:  John H. Musser IV representing
12   Mr. Gabriel, who is present in court, Your Honor, and ready for
13   sentencing.
14           THE COURT:  I'm sure you are ready since you were
15   ready a half an hour ago.
16           MR. MUSSER:  That's all right.
17           THE COURT:  This matter is before the Court for
18   sentencing.  Is there any reason that sentence cannot be
19   imposed at this time?
20           MR. RIVERA:  No, Your Honor.
21           MR. MUSSER:  No, Your Honor.
22           THE COURT:  I think the government wanted to move for
23   an additional one point for acceptance.  Have you done that?
24           MR. RIVERA:  I haven't filed it yet, Your Honor, but
25   I will immediately after this hearing, or I can orally move for
```

1  it.
2  **THE COURT:** Well, you need to do it now if you want
3  me to give him three points.
4  **MR. MUSSER:** Could he do it orally?
5  **THE COURT:** Yes, he can do it orally.
6  **MR. RIVERA:** I apologize, Your Honor. I thought it
7  had been done prior to the hearing, but we will certainly move
8  for it orally. I can follow up with a written motion.
9  **THE COURT:** You don't need to do that. As long as
10 you move orally, that's fine. The motion is granted.
11         Mr. Gabriel, have you received a copy of the
12 presentence investigation report?
13 **THE DEFENDANT:** Yes, ma'am.
14 **THE COURT:** Have you read it and gone over it with
15 your lawyer?
16 **THE DEFENDANT:** Yes, ma'am.
17 **THE COURT:** I understand that neither the government
18 nor the defendant has any objections to the report. Is that
19 correct?
20 **MR. RIVERA:** That's correct, Your Honor.
21 **MR. MUSSER:** No, Your Honor.
22 **THE COURT:** Then is it appropriate for me to state
23 there are no errors, corrections, alterations, additions, or
24 objections that either side wishes to make to the report?
25 **MR. MUSSER:** That is correct, Your Honor.

1      **MR. RIVERA:**  That's correct, Your Honor.

2      **THE COURT:**  Since there are no objections to the
3  facts stated in the presentence investigation report, I adopt
4  those statements as my findings of fact, and I order the report
5  filed in the record under seal except for the sentencing
6  recommendation.

7           Mr. Gabriel, you have been found guilty of one
8  count of conspiring to make false and fictitious
9  representations to a firearms dealer, in violation of
10 18 U.S.C. § 371.  I have consulted the advisory guidelines and
11 determined that your advisory sentencing range is as follows:

12          You have a total offense level of 17, Criminal
13 History Category IV, which indicates a guideline range of 46 to
14 57 months, a fine range of $5,000 to $50,000, and a $100
15 special assessment.

16          There was a Rule 11(c)(1)(A) plea agreement in
17 this case in which the defendant agreed to plead guilty to
18 Count 1 and the government agreed to dismiss Count 3.  The
19 government also agreed not to file any additional charges
20 arising out of the conduct outlined in the indictment or the
21 factual basis and then agreed to recommended a three-level
22 reduction for acceptance of responsibility.  The Court accepts
23 the plea agreement because it adequately reflects the
24 seriousness of the offense, avoids the uncertainty of trial,
25 and does not undermine the statutory purposes of sentencing.

1             Mr. Gabriel, is there anything you want to say
2   before I impose sentence on you?
3             **THE DEFENDANT:**  I just would like to apologize to my
4   family and to the Court for making the decision that I -- going
5   through this, I know I have changed, and you won't have no
6   other problem from me once this is over.
7             **THE COURT:**  Mr. Musser, is there anything you want to
8   say?
9             **MR. MUSSER:**  Yes, Your Honor.  I think in view of the
10  fact that there's no indication that the purchase of this gun
11  was tied into any other crime, anticipated crime, I would
12  suggest that it would be appropriate to sentence Mr. Gabriel to
13  the bottom of the guidelines and urge the Court to do so.  I
14  think he is a good candidate for rehabilitation.
15            I would also ask the Court to please request the
16  Bureau of Prisons to imprison him at a location that provides
17  treatment for addiction, for his marijuana and alcohol
18  addiction.  I believe that's also noted in the presentence
19  investigation report.
20            **THE COURT:**  Mr. Rivera, is there anything you want to
21  say?
22            **MR. RIVERA:**  We have nothing more to add at this
23  time, Your Honor.
24            **THE COURT:**  The Court has considered the advisory
25  guidelines and all the factors in § 3553(a) and finds it

appropriate to give a sentence within the guideline range. It is the judgment of the Court that the defendant, Oronde Gabriel, is hereby committed to the custody of the Bureau of Prisons for a term of 50 months. The Court imposes this sentence because of the seriousness of the offense, the defendant's history and characteristics, the need for deterrence, to promote respect for the law, and the need to provide just punishment.

The Court recommends that the defendant be incarcerated in an institution that provides vocational training as well as treatment for alcohol and marijuana addiction.

The Court finds that the defendant does not have the ability to pay a fine and a fine is not imposed, but he must pay the special assessment fee of $100, which is due immediately.

Upon your release from imprisonment, you shall be placed on supervised release for a term of three years. Within 72 hours of your release from the custody of the Bureau of Prisons, you shall report in person to the probation office where you are released.

While you are on supervised release you shall not commit any federal, state, or local crime. You shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. You shall not possess a controlled

```
 1   substance, and you shall cooperate in the collection of a DNA
 2   sample.
 3              You are also to comply with the standard
 4   conditions of supervised release, as well as the following
 5   special conditions:
 6              You shall maintain full-time employment.  You
 7   shall undergo random urinalysis.  You shall participate in an
 8   approved cognitive behavioral therapeutic program and shall
 9   abide by all supplemental conditions of treatment.  You will
10   contribute to the cost of this program to the extent the
11   probation office determines that you are able.
12              Is there property to be forfeited?
13         MR. RIVERA:  No, I don't think so, Your Honor.
14         THE COURT:  Mr. Gabriel, in your plea agreement you
15   waived all rights to challenge your conviction to your sentence
16   except you have the right to bring a challenge based on
17   ineffective assistance of counsel in an appropriate proceeding,
18   and you can bring a direct appeal of any sentence that's above
19   the statutory maximum.  The sentence I imposed is below the
20   statutory maximum, so you don't have a right to directly appeal
21   your sentence or conviction unless you can show ineffective
22   assistance of counsel.  Do you understand that?
23         THE DEFENDANT:  Yes, ma'am.
24         THE COURT:  Is there anything further?
25         MR. MUSSER:  No, Your Honor.
```

1        **MR. RIVERA:**  Your Honor, the government moves to
2   dismiss Count 3, as per the agreement, at this time.
3        **THE COURT:**  The motion is granted.
4        **MR. MUSSER:**  Thank you very much.
5        **THE COURT:**  Thank you.
6        **MR. RIVERA:**  Thank you, Your Honor.
7        **THE DEPUTY CLERK:**  All rise, please.
8                          * * *
9                       **CERTIFICATE**
10       I, Toni Doyle Tusa, CCR, FCRR, Official Court
11  Reporter for the United States District Court, Eastern District
12  of Louisiana, certify that the foregoing is a true and correct
13  transcript, to the best of my ability and understanding, from
14  the record of proceedings in the above-entitled matter.

17                           *s/ Toni Doyle Tusa*
                             Toni Doyle Tusa, CCR, FCRR
18                           Official Court Reporter